UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DUANE ANTHONY ANTOINE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-263 |
| PAUL D. CONNICK, JR. | * | SECTION L |
| | * | |

**ORDER AND REASONS**

Before the Court is Plaintiff Duane Anthony Antoine's Objection to the Magistrate Judge's Report and Recommendation dismissing his case. R. Doc. 5. Considering the record and the applicable law, the Court rules as follows.

Plaintiff filed this lawsuit *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 against Defendant Paul D. Connick, Jr., Jefferson Parish District Attorney. R. Doc. 1. He alleges that Mr. Connick charged him with an invalid statute, namely La. R.S. 14:34:9(D), vis-à-vis an untimely bill of information. *Id.* at 4. As relief, Plaintiff requests monetary compensation and seeks dismissal of all pending criminal charges against him in state court. *Id.* at 5. Upon the case's assignment to this section, the matter was referred to United States Magistrate Judge Michael North to submit proposed findings and recommendations for disposition. R. Doc. 2. After reviewing the record and the complaint, Judge North recommended that Plaintiff's claims against Mr. Connick for monetary compensation and injunctive relief be dismissed with prejudice as legally frivolous and for failure to state a claim. R. Doc. 4 at 5.

More specifically, Plaintiff's claims for monetary relief were dismissed on two separate grounds. First, Judge North found that because Mr. Connick is a state district attorney, he is entitled to prosecutorial immunity and is thus immune in his individual capacity from civil suit for damages

1

under § 1983. *Id.* at 2-3 (citing *Singleton v. Cannizzaro*, 956 F.3d 773, 779-80 (5th Cir. 2020)). Second, to the extent that the complaint asserted claims against Mr. Connick in his official-capacity, Judge North found these claims to be improper as well given Plaintiff had failed to allege an official policy or custom that resulted in the purported constitutional violation as required by *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). *Id.* at 3-4. Furthermore, Judge North held that the *Younger* abstention doctrine barred Plaintiff's requested injunctive relief as it would undoubtedly interfere with his ongoing state criminal proceedings. *Id.* at 4-5. Lastly, Judge North concluded that insofar as Plaintiff's claims could be construed as a request for habeas corpus relief, such a claim should be dismissed for failure to exhaust all state court remedies. *Id.* at 5.

On March 28, 2025, Plaintiff timely objected to these findings. R. Doc. 5. In his objection, Plaintiff submits arguments substantially similar to those presented in his complaint that have already been considered for disposition by Judge North. *Id.* at 1-2. Additionally, he argues that Article 701 of the Louisiana Code of Criminal Procedure constitutes a Jefferson Parish policy that supports his official capacity claims against Mr. Connick. *Id.* at 2. Upon conducting a *de novo* review of the objection in relation to the pleadings and the applicable law, the Court finds that Judge North's Report and Recommendation properly analyzes the appropriate statutes and case law in concluding that the dismissal of Plaintiff's complaint is warranted. As such, Plaintiff's repetition of his same conclusory arguments does not provide this Court with a valid basis for departing from Judge North's reasoning. *United States v. USPLabs, LLC*, 338 F. Supp. 3d 547, 558 (N.D. Tex. 2018) (refusing to overturn magistrate judge's legal analysis where defendant's objections reassert the same arguments made in their underlying motions and replies).

Moreover, contrary to Plaintiff's assertion, specific provisions of the Louisiana Code of

Criminal Procedure, such as Article 701, are promulgated by the Louisiana Legislature and thus cannot be considered a "policy or custom" of Jefferson Parish that warrants the imposition of *Monell* liability in this context. *See, e.g.*, *Baldwin v. Blackburn*, 524 F. Supp. 332, 340 (W.D. La. 1981), *aff'd*, 653 F.2d 942 (5th Cir. 1981) (explaining the Louisiana Legislature passed a specific article in the Louisiana Code of Criminal Procedure); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168-69 (5th Cir. 2010) (stating that a policy or custom may be established by "a policy statement formally announced by an official policymaker" or through "persistent widespread practice of city official or employees"). The Court must also decline Plaintiff's request to raise new claims against Judge Stephen Grefer and Patrick Lindsey Williams because these issues were improperly raised for the first time in his objection to the magistrate judge's findings and otherwise would be futile in light of his failure to state a claim. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding new arguments in a party's objection not previously raised are not properly before the district court).

Finally, the Court notes that Plaintiff may indeed have a valid federal habeas corpus cause of action in light of the allegations made in his complaint. As observed by Judge North, however, Plaintiff has not exhausted all available state court remedies to him and must do so before asserting such a claim in federal court.

Accordingly,

**IT IS HEREBY ORDERED** that this Court adopts the Magistrate Judge's Report and Recommendation, R. Doc. 4, as its opinion herein.

_____
United States District Judge

cc: Mr. Duane Anthony Antoine
Jefferson Parish Correctional Center
P.O. Box 388
Gretna, LA 70054